Gulf, Colorado & Santa Fe Railway Company v. Margaret Sauter, by Next Friend.

Decided May 8, 1907.

**1.—Damages—Personal Injury.**

A verdict for $1,250 damages to a child, a passenger, by the fall of a window sash of the car upon her hand, sustained as not excessive.

**2.—Error—Bill of Exceptions—Deposition.**

A motion to quash a deposition on the ground that the officer's certificate was not in compliance with law having been overruled because made too late, such ruling could not be held error when the bill of exceptions thereto did not show the certificate in question and thus disclose merit in the objection.

**3.—Damages—Mental Suffering of Child.**

A child four years old is not incapable of mental suffering from a physical injury.

**4.—Damages—Evidence—Musical Talent.**

Evidence was admissible to show prospective musical talent of a child four years old, in order to enhance damages from an injury crippling the fingers of her hand.

Error from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*J. W. Terry, Brown, Bledsoe & Lomax,* and *Chas. K. Lee,* for plaintiff in error.—Having put his objections in writing, filed the same and called the same to the attention of the opposing counsel before announcement of ready, and the case coming on for trial at the first term after the deposition was filed, the defendant was not required under the rules or under the law to invoke any ruling by the court on its objections until the deposition was offered in evidence, and having done so when it was offered, the court had no right to decline to pass on the same. Rev. Stats., Art. 2289; Fidelity & Casualty Co. v. Carter, 23 Texas, 359; Coleman v. Colgate, 69 Texas, 88; Southern Pac. v. Royal, 23 S. W. Rep., 316; Kean v. Zundelowitz, 9 Texas Civ. App., 354.

The testimony offered was nothing more than a recital by a fond mother of her hopes and aspirations for her four-year-old girl. So far as the mother expressed an opinion as to the future talent of her daughter, the testimony is pure speculation and does not come within any rule of opinion or expert evidence.

That Mrs. Sauter had taken some medals (in this day when

musical medals are distributed with as mucn generosity as the French Government distributes the badge of the Legion of Honor) and that her small five-year-old daughter can cake walk a little and carry baby tunes, is wholly insufficient to justify any court or jury in awarding damages on account of loss of ability as a musician.

Mental anguish as a separate and distinct cause of damage from physical pain must embrace and can only embrace the purely mental suffering experienced by an injured person in contemplating his or her crippled condition, and brooding over the result of same on his or her future prospects. In this sense, a child four or five years old is manifestly incapable of enduring mental suffering.

*S. C. Padelford,* for defendant in error.—Appellant waived its motion to quash the deposition, and the court did not err in refusing to consider the said motion. Coe v. Dial, 12 Texas, 102; 8 Enc. Pl. & Ev., 153.

The bill of exceptions in this case does not show what the certificate to the answers and depositions of the witness Griffin was and does not show that the said certificate was defective and that the motion was well taken. Terrel v. McGown, 91 Texas, 231; Greenwade v. Walling, 30 Texas, 377; Griffin v. Chadwick, 44 Texas, 407; Harris v. Leavitt, 16 Texas, 342; Still v. Focke, 66 Texas, 718; Sadler v. Anderson, 17 Texas, 256; Henry v. Whitaker, 82 Texas, 8; Missouri Pac. Ry. Co. v. Jarrard, 65 Texas, 565; Vance v. Saathoff, 2 Posey, U. C., 661; Litton v. Thompson, 2 Posey, U. C., 579; Caplen v. Hawkins, 27 Texas Civ. App., 608.

The evidence showed that the plaintiff, although a child, was a musical marvel, and that her hand was permanently injured, and that the injury will during her whole life interfere with her performance upon a musical instrument, and said fact was one which the jury were entitled to consider in passing upon the issues of this case. Smith v. Pittsburgh & W. Ry. Co., 13 Am. & Eng. Ry. Cas., N. S., 716.

KEY, ASSOCIATE JUSTICE.—The plaintiff, a young child, while traveling with her mother on one of the defendant's trains, was injured by a window sash falling on one of her hands; and in this suit, prosecuted in her behalf, the defendant was adjudged liable for $1,250 damages. The defendant sued out a writ of error and the case has been transferred to this court and submitted on numerous assignments of error.

The first assignment assails the verdict of the jury, especially as to the amount of damages allowed. We are compelled to hold that there is no merit in the assignment. There was ample testimony before the jury to justify the findings in favor of the plaintiff on all the issues of fact, and quite sufficient to sustain the amount awarded as damages.

The second and third assignments complain of the action of the trial court in overruling a motion to quash the deposition of Dr. J. F. Griffin, upon the ground that the certificate of the offi-

cer who took the deposition was not in compliance with the law. The court held that the motion was not presented in proper time, and declined to consider the objections presented in it. The bill of exception reserved to that ruling does not contain the certificate of the officer who took the deposition, nor state its contents. Hence the assignments presenting this matter are overruled. We cannot hold that it was reversible error for the trial court to refuse to consider and sustain objections to the certificate of the officer who took the deposition, unless we knew how the certificate read. There may have been no merit in the objection; and, if such was the case, the failure to consider and decide upon the objection would not constitute reversible error.

The fourth assignment complains of the refusal of a requested instruction, to the effect that the plaintiff was not entitled to recover any damages for mental suffering. This proposition is urged because of the fact that the plaintiff was only four years old at the time injury was sustained, the contention being that a child of such tender age is necessarily incapable of experiencing mental suffering. We are unable to sanction that contention. It is a matter of common knowledge that children of that age, and even younger ones, become frightened, and we do not think it unreasonable to conclude that a four-year-old child may experience other mental suffering besides fright.

There are some assignments which complain of the court's charge, and some of the refusal of requested instructions. They will all be overruled because, in our opinion, the charges which were given covered the law and properly presented the case to the jury.

We also hold that no error was committed in allowing testimony tending to show the plaintiff's prospective musical talent. Such testimony, in connection with other evidence tending to show that some of her fingers were permanently injured, was proper to be considered by the jury in determining whether or not, and to what extent, the plaintiff's earning capacity had been diminished on account of the injury complained of.

Some other objections are urged against certain other testimony, all of which were properly overruled.

All the assignments of error have been considered, and, finding no error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.