R. L. WILLIAMS, CHIEF JUSTICE.
JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW JOHN KANE, } JUSTICES.
JOHN B. TURNER,

---

ATCHISON, T. & S. F. RY. CO. v. BAKER.

No. 645, Ind. T.   Opinion Filed May 13, 1908.

(95 Pac. 433.)

NEGLIGENCE—Contributory Negligence—Last Clear Chance. Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet the contributory negligence on his part will not exonerate the defendant and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence.

(Syllabus by the Court.)

*Appeal from the United States Court for the Northern District of the Indian Territory, at Nowata; before Hosea Townsend, Judge.*

On rehearing. Reversed and remanded.

For former opinion, see 104 S. W. 1182.

*Henry E. Asp, Charles H. Woods,* and *George M. Green,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

KANE, J. This case was submitted to the Court of Appeals of the Indian Territory before statehood, and an opinion handed down reversing the judgment of the lower court. The opinion of the Court of Appeals is reported in 104 S. W. 1182. The statement of facts by Mr. Justice Townsend fully covers the case, and we will not repeat it here. A petition for rehearing was filed in due time, and was undisposed of when this court succeeded the Court of Appeals upon admission of the Indian Territory and the territory of Oklahoma into the Union as the state of Oklahoma. This court sustained the petition for rehearing, and the cause was submitted to this court upon briefs and oral argument.

After a careful examination of the record and a review of the authorities cited by counsel in their briefs and very full and able oral arguments we are convinced that the judgment of the court below ought to be reversed and the cause remanded for a new trial. In order, however, that there may be no misapprehension when the cause comes on to be tried below, we wish to notice some features of the case which were apparently overlooked by our Brothers of the Court of Appeals.

We agree with the Court of Appeals that it was reversible error for the court below to submit to the jury the question of gross negligence or willful or intentional injury in that part of its instruction No. 9, which reads as follows:

"The jury are instructed that, if they believe from the evidence in this case that plaintiff was guilty of negligence which

materially contributed to the accident by driving upon the track of the railroad without first stopping and looking and listening to see if a train was approaching, then the defendant cannot be found guilty in this case, unless you believe from the evidence that the defendant's servants were guilty of willful or intentional acts, and the injury was occasioned by such willful or intentional acts of omission or commission on the part of the defendant's servants or employes."

There is no allegation in the complaint of willful or intentional acts of commission or omission on the part of the plaintiff in error, its servants, or employes; neither was there any proof that reasonably tended to indicate any willful or intentional acts of commission or omission. There being no allegation in the complaint or evidence in the record upon which to predicate such instruction, it was error to give it. The authorities cited by the Court of Appeals in its opinion, *supra*, to wit, *East Tenn. Coal Co. v. Daniel,* 100 Tenn. 65, 42 S. W. 1062; *Jacquin v. Grand Ave. Cable Co.,* 57 Mo. App. 320; *Greathouse v. Croan* (an Indian Territory case) 4 Ind. T. 668, 76 S. W. 273, fully support this proposition

On the other instructions criticised we cannot agree with the Court of Appeals. The following instruction was requested by the plaintiff in error, and refused by the court:

"The jury are instructed that, if they find from the evidence that the plaintiff, Baker, could have seen the train, and could have heard the train by looking and listening, and you find from the physical facts that he could have seen the train had he looked and heard the train had he listened, notwithstanding the fact that he has testified that he looked and listened and neither saw nor heard the approaching train, then you should find for the defendant."

Another instruction requested is the following:

"The court instructs the jury that, if plaintiff, Baker, saw the train approaching, and yet undertook to cross the track instead of waiting for the train to pass, and was injured thereby, you must find for the defendant."

This the court refused, and gave to the jury the following instruction.

"The court instructs the jury that, if the plaintiff, Baker, saw the train approaching in time to avoid the injury by the exercise of ordinary caution, and yet undertook to cross the track instead of waiting for the train to pass, and was injured thereby, you must find for the defendant."

Of the first instruction quoted above the Court of Appeals says: "This instruction unquestionably states the law correctly" —and of the second: "This would imply, regardless of the question as to whether he had looked and listened for the train, if he did not see the train in time to avoid the injury after he saw the train by the exercise of ordinary care and caution, he was entitled to recover. This, in our judgment, would not be stating the law correctly." To our mind both of the instructions requested were properly refused, because they deprived the defend-. ant in error of the benefit of the doctrine of the last clear chance. The instruction as modified and given is subject · to the same criticism.

Let us now see what this doctrine of the last clear chance is, and if we are right in holding that the case at bar is one where it may properly be invoked. The Supreme Court of the United States, in the case of *Inland & Sea-Board Coasting Co. v. Tolson,* 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270, states the doctrine as follows:

" 'There is another qualification of this rule of negligence which it is proper I should mention. Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident; yet the contributory negligence on his part would not exonerate the defendant and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence.' The qualification of the general rule as thus stated is supported by decisions of high authority, and was applicable to the case on trial."

The Court of Appeals and all parties to this suit concede that the above doctrine was in force in the Indian Territory at the time this cause was tried; but counsel for plaintiff in error and the Court of Appeals in its opinion insist that there was no evidence reasonably tending to show a want of ordinary care on the part of the plaintiff in error after the dangerous situation of defendant in error was discovered. Mr. Justice Townsend in his opinion, *supra*, says:

"There was not a particle of evidence to support the theory that the train could have been stopped before reaching the crossing and the accident avoided, and to submit to the jury a theory not supported by any evidence was error."

The evidence of the engineer is to the effect that when he was 300 or 400 feet from the crossing he saw the defendant in error acting as though he was deliberately approaching the crossing. The following is taken from his evidence as it appears in the record:

"Q. Where were you with reference to this crossing—about how far were you north of the crossing when you first discovered Mr. Baker's team, according to your best judgment? A. We must have been 300 or 400 feet. Q. Where was Baker and his team with reference to the crossing when you discovered him? A. Him and his team and wagon and all was inside of the right of way. Q. Well, where did Mr. Baker seem to be going, driving along? A. He seemed to be deliberately driving over the crossing."

There is no room to doubt that the engineer, when he first discovered the defendant in error, got the impression from his conduct that he was going to drive upon the railroad track ahead of his train. The engineer does not pretend that he was in any way deceived by appearances, but testified that he acted upon the impression that the defendant in error was deliberately crossing the track, and he testified that he acted on this impression and did all he reasonably could to stop his train and avoid the injury. If this evidence was uncontradicted, the Court of Appeals would have been right in its conclusion that a verdict should have been

directed. But to our mind there was evidence reasonably tending to contradict the evidence of the engineer on this point. This being so, it was proper to submit to the jury the question as to whether the plaintiff in error, after discovering the dangerous situation of the defendant in error, exercised reasonable care and prudence to avoid the injury. The engineer further testified on cross-examination that the train was made up of one combined coach and baggage car and one day coach; that the coaches were probably 70 feet long.

Mr. T. C. Connor, express messenger and baggageman on the train, called as a witness on behalf of plaintiff in error, testified, in part, as follows:

"Q. Now, when the engineer put on the emergency brakes or the air, how long was that before he stopped? A. That puts on all the brakes, and the train slacks. I judge it would stop within the length of the train. There were only two coaches on. Q. That is your best judgment? A. Yes, sir."

The answer to the first question may not be entirely responsive; but it was evidently given with deliberation after making a mental calculation to determine how quickly this train could, under the circumstances, be stopped, and his best judgment was that it could be stopped with the length of the train, which would not exceed 250 feet at the most. The witness was testifying in behalf of the railway company, and was telling of the effort the engineer made to stop the train. This evidence was introduced without objection, and certainly fairly tends to prove that if the engineer had applied the emergency brakes when he first saw defendant in error in a place of danger he could have stopped the train before reaching the crossing and avoided the injury, thus contradicting the engineer's evidence on this point. This evidence is not mentioned by counsel for defendant in error in his brief; but it was earnestly urged upon the attention of the court by oral argument. We believe it was sufficient to send the case to the jury on the question of the exercise of reasonable care on the part of plaintiff in error after it discovered the dangerous situation of defendant

in error. Admitting the contributory negligence of the defendant in error may have had something to do in causing the injury, yet it would have been error for the court below to have directed a verdict for the plaintiff in error with this evidence in the record.

If plaintiff, injured in a collision at a railroad crossing, used due diligence after discovering his peril, he can recover, though he was negligent in not stopping and listening, provided defendant, after seeing the danger, failed to use due care. *Highland Ave. & B. R. Co. v. Sampson,* 91 Ala. 560, 8 South. 778.

A railroad company is liable for injuries received by one in attempting to cross the track in front of a moving train, even though such person is guilty of contributory negligence, if, after discovering his perilous position, the employes having charge of the train failed or neglected to use all possible effort to avoid the injury. *Maryland Cent. R. Co. v. Neubeur,* 62 Md. 391.

With the foregoing modifications, we belive the opinion of the learned Court of Appeals states the law of the case.

It is therefore ordered that the judgment of the court below be reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.