## MIDLAND VALLEY R. CO. v. LITTLEJOHN.

No. 3019.   Opinion Filed August 25, 1914.

On Rehearing, September 22, 1914.

(143 Pac. 1.)

1.  **RAILROADS—Injury to Trespasser or Licensee—Duty.** A landowner owes either a trespasser or a mere licensee a duty, in respect to safety from dangerous artificial condition of premises, not to injure him intentionally or wantonly.

Syllabus.

2.  **SAME—Wantonness—Determination.** A mere omission, involving a reckless disregard for the safety of merely technical and reasonably anticipated trespassers or bare licensees, in respect to seriously dangerous artificial condition of premises which is obvious to such owner, may amount to wantonness in him; and the artificiality, the attractiveness, and the accessibility of such dangerous place or thing thereat, together with the probability of such trespassers or licensees, the gravity of the danger, the length of time it has existed, the smallness of the cost or inconvenience and of the deprivation of beneficial use involved in eliminating same, and the reasonableness of the inference that the landowner, as a person of ordinary sensibility and prudence, knew or should have known of and, under all the facts and circumstances of the case, should have eliminated such danger, are proper considerations in determining whether there was such reckless disregard for the safety of such trespassers or bare licensees, or, in other words, whether there was wantonness.

3.  **SAME—Right to Recover.** It is error to instruct the jury so as to permit a trespasser or licensee, who has suffered personal injuries from contact with a dangerous thing on the premises of a landowner, to recover damages therefor without proof of either willfulness or wantonness on the part of such landowner.

4.  **NEGLIGENCE—"Invitee" and "Licensee" Distinguished.** In differentiating between invitees and licensees, an invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it.

5.  **RAILROADS—Injury to Child on Platform—Instructions.** It is error to instruct a jury that invitation may be implied from the fact that the landowner knew, or, in the exercise of ordinary care ought to have known, that children were in the habit of coming on his premises to play or to gratify their curiosity.

On Rehearing.

6.  **RAILROADS—Trespasser or Licensee—Extent of Duty—Application of Statute.** Section 906, St. Okla. 1890 (section 998, Rev. Laws 1910), does not abrogate or modify the common-law rule that a landowner owes neither a trespasser nor a licensee any duty except not to injure him intentionally or wantonly.

(Syllabus by Thacker, C.)

*Error from District Court, Osage County;*
*R. H. Hudson, Judge.*

Action by Jesse Littlejohn against the Midland Valley Railroad Company, for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Edgar A. de Meules* and *Sol H. Kauffman,* for plaintiff in error.

*H. P. White,* for defendant in error.

Opinion by THACKER, C.  Plaintiff in error will be designated as defendant and defendant in error (who sues by his father as next friend) as plaintiff, in accord with their respective titles in the trial court.

On July 25, 1910, an iron flywheel, about 30 inches in diameter and weighing about 365 pounds, was standing upon its flange, about eight inches wide, on defendant's platform and near the door of its freight-room at its station at Foraker, Okla., when the plaintiff, a boy then four and one-half years old, accompanied by his older brother and two other young boys, went to said station and upon said platform to play, and in an effort to climb upon said flywheel, to which he was at once attracted, pulled it over upon his left foot and ankle, bruising and injuring the same so that it was the first of the next January before it had healed "so it would not run," and at the time of the trial on March 16-17, 1911, the same witness said, "He gets along on it very well," but that foot is a little weaker than the other, and until within about a month of the trial she had occasionally seen that foot give way with him, so that he would fall over and complain that it was hurting him; also at times he would come running from his play and complain that: "Something is biting me; it is sticking me like a pin"—this evidence being uncontradicted.  The flywheel had been brought to Foraker about two or three weeks before the accident by defendant as an item of freight, and as such was kept on its platform where children, with its knowledge and without objection by it, were accustomed to play, notwithstanding a convenient freight-room in which it might have stowed and safely kept the same.

The court instructed the jury: (1) "That no person has a right to leave, even on his own land, dangerous machinery, calculated to attract and entice boys to it, there to be injured, unless he

first takes proper steps to guard against all danger ; and any person who thus does leave dangerous machinery exposed without first providing against all danger is guilty of negligence." (2) "That when an object peculiarly attractive to children, and which is calculated to entice them, is left in a place easily accessible to children, and where the party responsible for the location and position of such object knows, or in the exercise of ordinary care and diligence must know, that children are accustomed to play in that vicinity, or pass thereby, and a child of less than five years goes upon said premises, and is injured by such object, that then the party who placed it there and left it unguarded and uninclosed is liable for such injury as proximately resulted therefrom." And (3) that the plaintiff was not entitled to recover unless the jury found : (a) That the defendant was guilty of negligence in leaving the flywheel where it was ; (b) "that the injury was caused by an unguarded dangerous machine, or other dangerous thing, peculiarly attractive to children of the class to which the plaintiff belonged"; and (c) "that the defendant impliedly invited children of that class to come upon its premises" ; but "this invitation may be implied from the fact that the landowner knew, or in the exercise of ordinary care ought to have known, that such children were in the habit of coming on his premises to play or to gratify their childish curiosity." A verdict for $1,995, the full amount asked, was returned and judgment entered accordingly.

In *City of Shawnee v. Cheek*, 41 Okla. 227, 137 Pac. 724, it is in effect shown that either willfulness or wantonness in the omission of a landowner to make safe a dangerous thing on his premises is essential to recovery by a trespasser for a personal injury sustained as a result of contact with such dangerous thing; and, although willfulness or wantonness may generally be more easily inferred (as a question of belief) in the case of a licensee, in *Atchison, T. & S. F. R. Co. v. Cogswell*, 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837, it is shown that the same rule of law applies as to licensees, and, further, in differentiating between invitees and licensees, it is there shown that:

Midland Valley R. Co. v. Littlejohn.

"The principle appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it."

It thus appears that the court erred in instructing the jury in the present case that invitation might be "implied" from the fact that the landowner knew, or in the exercise of ordinary care ought to have known, that such children were in the habit of coming on his premises to play or to gratify their childish curiosity, and, also, so as to authorize a recovery against defendant on the grounds of negligence in leaving the flywheel where it was without guarding against "all danger," and without requiring a finding of either willfulness or wantonness in the landowner as a predicate for such recovery.

If not a trespasser, the plaintiff was a mere licensee; and the only duty the defendant owed him was not to injure him willfully or wantonly. In *City of Shawnee v. Cheek, supra,* considered in connection with *Atchison, T. & S. F. R. Co. v. Cogswell, supra,* it is in effect held that a mere omission which involves a reckless disregard for the safety of merely technical and reasonably anticipated trespassers (or licensees), such as children of tender years, especially if unconscious trespassers (or any bare licensee), may amount to wantonness in a landowner, and that the artificiality, the attractiveness, and the accessibility of the place or thing thereat, involving danger to and the probability of such trespassers (or any bare licensee), the gravity of the danger, the length of time it has existed, the smallness of cost or inconvenience and of deprivation of beneficial use involved in eliminating same, and the reasonableness of the inference that the landowner, as a person of ordinary sensibilities and prudence, knew or should have known of and under all the facts and circumstances of the case should have eliminated such danger, are proper considerations in determining whether there was such reckless disregard for the safety of such trespassers (or any bare licensee), or, in other words, whether there was wantonness. As shown in that case, the attractiveness of the thing or place is to be considered in as-

certaining whether there was willfulness or wantonness; but such attractiveness is not of itself ground for a recovery, and is only one of numerous facts and circumstances to be considered in all such cases in ascertaining the ultimate fact of willfulness or wantonness, which must be found before recovery can be allowed. For a more extended discussion of this subject, see the Cheek case, *supra*.

In anticipation of another trial of· this case it may not be amiss to observe that, while we doubt if there is any other reversible error shown, there appears to be near approach to if not such error in one or more respects which we assume will not again occur; and in this connection we may instance the instructions of the court permitting recovery for mental suffering as contradistinguished from physical pain (which under the evidence it seems was probably correct. 15 Cent. Dig. sec. 514; 7 Dec. Dig. and Key-No. Series, Damag. secs. 50-52, 192, 216 [10]. Also, as to mental suffering of children, 1 Sedgwick on Damages, sec. 43k, and *Gulf, C. & S. F. R. Co. v. Sauter,* 46 Tex. Civ. App. 309, 103 S. W. 201), the instruction permitting recovery for "such prospective suffering and loss of health, if any, as the jury may believe, from all the facts before them in this case, he has sustained, or will sustain, by reason of such injury" (as to which see 15 Cent. Dig. Damag. secs. 548-555, and 7 Dec. Dig. and Key-No. Series, sec 216, especially section 216 [7]), and the instruction permitting recovery without limit as to time for "his future inability to work and earn a living for himself" (as to which see *Muskogee E. & T. Co. v. Mueller,* 39 Okla. 63, 134 Pac. 51; 15 Cent. Dig. Damag. secs. 537, 538; 7 Dec. Dig. and Key-No. Series, Damag. secs. 210, 216, especially section 216 [1], [2], [3], [6], and [8]; and as to the assumption involved in this feature of the instructions that the father by prosecuting the action as next friend of the plaintiff waives his right to recover for loss of earning capacity of plaintiff during the minority of the latter, see 2 Sedgwick on Damages, sec. 486b; *Chesapeake & O. R. Co. v. Davis.* 22 Ky. Law. Rep. 748, 58 S. W. 698; *Id.,* 119 Ky. 641, 60 S. W. 104, 22 Ky. Law. Rep. 1156); each and all of these instructions having been given with-

out any proven fact or evidence upon which to base any one of them, except such as may be found in an examination of plaintiff's foot and ankle by the jury, in the hereinbefore stated facts in this case and inferences properly deducible therefrom, and in the personal appearance of the plaintiff; but we deem it unnecessary to decide, and do not decide, any of the several questions growing out of these features of the instructions.

For the reason hereinbefore stated, this case should be reversed and remanded for another trial.

### ON REHEARING.

It is urged that the general rule that a landowner owes a trespasser or bare licensee no duty except not to intentionally or wantonly injure him is abrogated or modified by section 906, St. Okla. 1890 (section 998, Rev. Laws 1910), which reads as follows:

"Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself."

Besides our own, the same provision is found in the statutes of Dakota Territory (whence we derived it), California, Montana, North Dakota, South Dakota, and possibly other states; but we have been unable to find a case in which the precise question here has been determined in any jurisdiction.

In the case of *Beinhorn v. Griswold,* 27 Mont. 79, 69 Pac. 557, 59 L. R. A. 771, 94 Am. St. Rep. 818, however, where the question was as to whether this provision changed the general rule so as to charge a landowner with the duty of protecting the cattle of another lawfully at large from a dangerous condition of his land upon which they trespassed, the court said:

"Counsel invoke the provisions of section 2296 of the Civil Code 1895 [Rev. Codes, sec. 5077], which is declaratory of the common law [here quoting the above quoted provision]. * * * To a naked trespasser or mere licensee by sufferance (if the expression may correctly be used) the landowner owes the duty to

refrain from any willful or wanton act causing injury to his person or chattels, and, after discovering that the trespasser is in imminent danger or immediate peril, to use reasonable care," etc.

In the case of *Winfrey v. M., K. & T. R. Co.,* 194 Fed. 808, 114 C. C. A. 218, which seems to be the only case in which this provision in our own statutes has been specifically considered, it was held not to have modified the rule as to contributory negligence; and in doing so reference was made to the fact that, notwithstanding this provision was enacted in 1890, and the subsequent decision by our court of many cases involving the question of contributory negligence, "the rigid rule of nonliability in case of any contributory negligence has been adhered to."

Unless the case of *Patterson v. Jos. Schlitz Brewing Co.,* 16 S. D. 33, 91 N. W. 336, which involves the duty of a landlord to his tenant, may be so regarded, we have been unable to find any case indicating that this provision has, in any jurisdiction, been regarded as more than a declaration of a general rule of the common law, which is limited by other common-law rules; and, notwithstanding its long standing in our statutes, our own court has repeatedly and uniformly held (as will be seen by reference to the cases cited in the original opinion and to their citations), following the common law, that a landowner owes a trespasser or mere licensee no duty except not to injure him intentionally or wantonly.

We deem it unnecessary to determine whether, as indicated by the Montana court, this provision is merely declaratory of the common law further than as the same is applicable in the present case; but in view of the foregoing considerations, we are constrained to hold that this statute is merely so declaratory, and does not change or affect that other common-law rule that a landowner owes a trespasser or bare licensee no duty except not to intentionally or wantonly injure him.

For the reasons stated, the petition for rehearing should be denied.

By the Court: It is so ordered.