THORP et al. v. ST. LOUIS & S. F. R. CO. et al.

No. 6491—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 240.)

1. Negligence — "Actionable Negligence" — Requisites.

The rule is well established that to constitute actionable negligence where the alleged wrong is not willful and intentional, three essential elements are necessary: First, the existence of a duty on the part of the defendant to protect the plaintiff from injury; second, failure of the defendant to perform that duty; and, third, injury to the plaintiff resulting from such failure.

2. Pleading—Objection to Introduction of Evidence.

Where the allegations of a petition fail to bring the cause within the rule announced, an objection to the introduction of any evidence, for that reason, is properly sustained.

3. Negligence — Contributory Negligence — Last Clear Chance.

Although the rule is that even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet, the contributory negligence on his part will not exonerate the defendant and disentitle the plaintiff from recovering if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequence of the plaintiff's negligence. A., T. & S. F. R. Co. v. Baker, 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825.

4. Same—Contributory Negligence for Jury.

Where there is any evidence for the plaintiff which tends to establish that the act of the defendant proximately contributed to the injury complained of, the defense of contributory negligence is one of fact, and under the Constitution of this state (section 6, art. 23), must be left to the jury.

(Syllabus by Hooker, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Actions by Victor V. Thorp, by his mother and next friend, Martha C. Nigel, and by Martha C. Nigel, for herself, against the St. Louis & San Francisco Railroad Company and the Stroud Cotton Oil Company. Judgment in favor of the Stroud Cotton Oil Com-

pany, and for the Railroad on a directed verdict, and plaintiffs bring error. Judgment as to Railroad reversed and remanded for new trial, and judgment as to Stroud Cotton Oil Company affirmed.

W. L. Johnson, for plaintiffs in error.

W. F. Evans, R. A. Kleinschmidt, and J. H. Grant, for defendant in error Railroad Co.

Burford, Robertson & Hoffman, for defendant in error Cotton Oil Co.

Opinion by HOOKER, C. These actions were instituted by Victor Thorp for himself and by his mother to recover damages for personal injuries alleged to have been caused to him by the negligence and carelessness of the defendants in error.

It appears that at the time in question the railroad company owned and operated a line of railroad through the town of Depew and along its said line for the use and accommodation of the general public, and to facilitate its own business the railroad company had erected a depot in said town and that the cotton oil company had used some of the trucks of the railroad company for the purpose of loading some cars for shipment, and it is alleged that the servants of the oil company negligently left one of said trucks on the depot platform in such close proximity to the railroad track that a passing train struck the same and knocked it against the plaintiff in error, Victor Thorp, and thereby caused him to suffer the injuies complained of in this cause. He was upon the depot platform without any business of his own, with any of the employes of the company, or any one else, but purely for the purpose of playing and was in company with another boy about his age, who was also playing there. The evidence discloses that these two boys were standing on the platform, and the engineer of a passing train saw them and attempted to induce them to move away from the track by motioning his hand to them to move back. They did not do so far enough to avoid injury, as the engine struck the truck and knocked the same against young Thorp. It further appears that a short time before the injury the agent of the company told these boys to go away.

The lower court sustained an objection to the introduction of any testimony as against the cotton oil company, and when all the evidence was presented, which was substantially as outlined above, the court directed a verdict in favor of the railroad company. The plaintiffs in error excepted to the rulings of the court and have appealed here.

First. Was the court right in sustaining the objection to the introduction of the evidence as against the cotton oil company for the reason that the petition did not state a cause of action against it? Such objections are not favored in law and should not be  u. less it is p inly evident that the pleading fails as to some element essential to recovery. Sulsberger & Sons Co. v. Castleberry, 40 Okla. 613, 139 Pac. 837.

The only allegation of negligence as contained in the petition is "that on or about December 12th the defendant the cotton oil company, by its agents and servants, in the regular discharge of their duty, negligently and carelessly placed a large four-wheelea platform truck weighing about 500 pounds on said platform near, and against and in the immediate proximity of said railroad track," and that thereafter a passing train struck the same and injured plaintiff. It may be safely said that before one can be held liable for the injuries suffered by another, he must have violated some duty owing by him to the other, for in the absence of such duty and its violation the law imposes no liability. This court, in a number of cases, has said:

"The following rule seems to be sustained by all the authorities: To constitute actionable negligence, where the alleged wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure." Chicago, R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Texas Co. v. Collins, 42 Okla. 374, 141 Pac. 783; C., R. I. & P. R. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008.

What duty did the oil company owe plaintiff in error? It was not in charge of said platform, nor did the law impose upon it any obligation to keep the same free from obstruction or to place the trucks in any particular place. The plaintiff in error, being a trespasser, took the premises as he found them, and can base no liability to him upon the cotton oil company in its lawful use of the trucks of the railroad company. The leaving of the truck in close proximity to the track merely furnished the condition, and the damage, if actual, was proximately caused by the railroad company in subsequently operating its train.

The objection to the introduction of evidence as against the oil company was properly sustained.

Should the demurrer to the evidence have

been sustained as to the railroad company? The evidence clearly shows the engineer in charge of the train saw the plaintiff in error in his perilous position and motioned to him to get back from the track. Under the authority of A., T. & S. F. R. Co. v. Cogswell, 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837, and of Midland Valley R. Co. v. Littlejohn, 44 Okla. 8, 143 Pac. 1, the plaintiff in error was a trespasser upon the premises of the company, still it owed him the duty to exercise ordinary care and caution to avoid injuring him after it discovered his perilous position. This presented a queston of fact as to whether the defendant railroad company did that.

The evidence establishes that the train was being operated very slowly, and that the engineer, although he saw the perilous position of the boy upon the platform, made no effort to stop the train or to avoid the injury, except by a wave of the hand. In A., T. & S. F. R. Co. v. Baker, 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825, it is said:

"Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet the contributory negligence on his part will not exonerate the defendant and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequence of the plaintiff's negligence."

This doctrine of the "last clear chance" is recognized in this state in the following cases: Clark v. St. L. & S. F. Co., 24 Okla. 765, 109 Pac. 361; Okla. Ry. Co. v. Barkett, 30 Okla. 28, 118 Pac. 350; A., T. & S. F. R. Co. v. Baker, 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825; A., T. & S. F. R. Co. v. Cogswell, 23 Okla. 181, 99 Pac. 928, 20 L. R. A. (N. S) 837; Midland V. R. Co. v. Littlejohn, 44 Okla. 8, 143 Pac. 1.

Where there is any evidence for the plaintiff to show or tending to establish that the act of the defendant proximately contributed to the plaintiff's injury, the question of contributory negligence is one of fact, and, under the Constitution of this state (section 6, art. 23), must be left to the jury. C. R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Midland V. R. Co. v. Shores, 40 Okla. 75, 136 Pac. 157, 49 L. R. A. (N. S.) 814; St. L. & S. F. R. Co. v. Model Laundry, 42 Okla. 501, 141 Pac. 970; St. L. & S. F. R. Co. v. Clark, 42 Okla. 638, 142 Pac. 396.

The judgment of the lower court as to the St. Louis & San Francisco Railroad Company is reversed and remanded for a new trial, and affirmed as to the Stroud Oil Company.

By the Court: It is so ordered.