**CHICAGO, R. I. & G. RY. CO. v. SMITH.**
(No. 150–3108.)

(Commission of Appeals of Texas, Section A. June 23, 1920.)

**1. Appeal and error ⏝216(3)—Instruction in personal injury action not to be complained of, in absence of request for correction.**

In an action brought under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), a charge that if plaintiff was injured as alleged, and if the proximate cause thereof was concurring negligence, under issues submitted, then "in answer to this question you will diminish your findings on this issue in proportion to the amount of negligence attributable to plaintiff," cannot be complained of, in absence of a special charge suggesting corrections.

**2. Appeal and error ⏝1068(4)—Instruction on diminution of damages for concurring negligence held harmless.**

In an action against a railroad company for personal injuries, an instruction that if plaintiff was injured as alleged, and the proximate cause thereof was concurring negligence, then the finding should be diminished in proportion to the amount of negligence attributable to plaintiff, if erroneous, *held* harmless, where the jury found that plaintiff was not guilty of contributory negligence.

**3. Master and servant ⏝297(2) — Findings held not inconsistent.**

In a personal injury action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), a finding that plaintiff did not attempt to step on a stringer, lose his balance, and fall, as alleged in the answer, *held* not inconsistent with a special subsequent finding that, if the accident had happened as alleged, plaintiff would have been guilty of contributory negligence, which was rendered immaterial by the first finding.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by A. W. Smith against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (197 S. W. 614), and defendant brings error. Affirmed, as recommended by the Commission of Appeals.

Lassiter & Harrison, of Ft. Worth, C. E. Gustavus, of Amarillo, and R. M. Rowland, of Ft. Worth, for plaintiff in error.

L. C. Barrett, J. N. Browning, and Crudgington & Works, all of Amarillo, and Black & Smedley, of Austin, for defendant in error.

SPENCER, J. A. W. Smith instituted this suit, and recovered judgment against the Chicago, Rock Island & Gulf Railway Company for personal injuries sustained by him. Judgment was affirmed by the Court of Civil Appeals. 197 S. W. 614. Writ of error was granted upon application referred to the Committee of Judges.

[1, 2] Plaintiff in error complains of the following charge of the court:

"If you find that plaintiff was injured as alleged in his petition, and the proximate cause thereof was the concurring negligence, if any, of the plaintiff and defendant under the issues hereinbefore submitted for your finding, then in answer to this question you will diminish your finding on this issue in proportion to the amount of negligence attributable to plaintiff."

The reason assigned is that it does not correctly submit the liability of the plaintiff in error under the terms of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). The charge given is almost in the identical language of the statute, and in the

absence of a special charge from plaintiff in error, suggesting a correction of any error it deemed to exist, we think it is not now in position to complain. St. L. & S. F. Ry. Co. v. Brown, 241 U. S. 223, 36 Sup. Ct. 602, 60 L. Ed. 966. Moreover, the jury found that defendant in error was not guilty of contributory negligence, and this renders the error, if any, harmless.

[3] Plaintiff in error insists that the answer of the jury to special issue No. 5 is inconsistent with and contradictory to the answer of the jury to special issue No. 6, and therefore forms no proper basis for a judgment in favor of defendant in error. Special issue No. 5 reads:

"Did the plaintiff, at the time, place, in the manner, and under the circumstances alleged in paragraph 6 of defendant's answer, attempt to step upon the stringer, lose his balance, and fall to the ground?"

The jury answered: "No."
Special issue No. 6 is as follows:

"If the plaintiff at the time, place, in the manner and under the circumstances alleged in paragraph six of defendant's answer did attempt to step upon the stringer, lose his balance, and fall to the ground: (a) Was same negligence of plaintiff? (b) Was same the proximate cause of injuries to plaintiff, or any of them, alleged in plaintiff's petition?"

The jury answered both questions in the affirmative.

It is clear, we think, that the answers are not contradictory. Plaintiff in error alleged in paragraph 6 that defendant in error was guilty of contributory negligence, in that he carelessly and negligently attempted to step upon the moving timber, lost his balance, and fell to the ground. The jury, by its answer to special issue No. 5, found that the injury did not happen as alleged by plaintiff in error. This is conclusive of the issue of contributory negligence, and renders the answers to special issue No. 6 wholly immaterial. It is clear that the jury intended, by its answer to special issue No. 6, to find that, had the accident happened as alleged by plaintiff in error, defendant in error would have been guilty of contributory negligence proximately causing the injury.

The definition of "ordinarily incident," as defined by the court, when considered in connection with the entire charge, presents no error, and we think the honorable Court of Civil Appeals properly disposed of the assignment complaining of it.

It is recommended, therefore, that the judgment of the Court of Civil Appeals and of the district court be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.