HOUSTON LIGHTING & POWER COMPANY, Appellant,

v.

Larry C. REED et al., Appellees.

No. 14047.

Court of Civil Appeals of Texas.

Houston.

Jan. 31, 1963.

Rehearing Denied Feb. 21, 1963.

McLeod, Mills, Shirley & Alexander, V. W. McLeod, Galveston, for appellant.

Burch Downman, Houston, Baker, Callahan & Brady, Galveston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment, entered by the trial court pursuant to the verdict of a jury, for the damage sustained by a small boy when he ran into the lid of a tool chest extending out from the side of a truck belonging to appellant.

The principal ground on which this appeal is based is that the trial court erred as a matter of law in refusing to hold that there was no negligence on the part of appellant that was a proximate cause of the injury sustained by appellee.

This suit was brought by Addie Mae Reed as next friend for her son, Larry C. Reed. At the time he received the injury for which he seeks compensation in this suit, Larry was about four years of age. He lived in a house which fronted on an alley in the City of Galveston. Just before the incident in question he was playing in the alley with some other children. One of defendant's trucks was driven into the alley by Oran Hopkins, one of defendant's employees. Mr. Hopkins knew that residences fronted on this alley and that children played in the alley. The driver parked the truck on his lefthand side of the alley about two and one-half feet from a garage. This truck had a metal body built on it which extended over the rear wheels to a point about even with the front fenders. This portion of the body was used for storing tools and materials. A door opened on the side of the body to permit entry to the storage compartment. When open the door formed a shelf supported by hinges and chains at both ends. The bottom of the door, as reflected by a picture introduced into evidence as Defendant's Exhibit No. 3, is 37½ inches to the ground. The door appears from the exhibit to be ¾ of an inch thick. The testimony reveals that, when open, the door extends out from the truck a distance of 1½ feet.

After parking the truck the driver and Mr. Charles Fowler, a lineman employed by the Company, opened the tool compart-

ment and got certain tools and equipment. They then went about their duties leaving the door to the tool compartment open and the truck unattended.

Addie Mae Reed walked a short distance past the truck and stopped to talk to a friend. While she was so engaged, Larry ran up the alley toward his mother while looking back at his playmates. He ran between the truck and the garage, although the space was narrow and there was ample room to pass on the other side of the truck. While attempting to run through this narrow passageway, he struck the door to the tool compartment with his head, cutting his left eye. As a result of this injury his left eye was surgically removed.

The jury found that appellant was negligent in failing to close the lid to the tool compartment on the truck and that the negligence was a proximate cause of the injuries sustained by Larry Reed. The jury also found that the failure of appellant to attach a warning flag or other warning device on or near the lid of the tool compartment was negligence and a proximate cause of the injuries sustained by Larry Reed. The jury failed to find any contributory negligence.

It is appellant's contention that as a matter of law appellant could not reasonably have foreseen that a child would run into the lid of the tool compartment and injure himself as a result of their failure to close the lid or to place a warning device near it. Appellant is not contending that it owed no duty of care to one lawfully using the alley. Appellant further contends that it could not have reasonably foreseen that the injury to Larry Reed would have occurred as a consequence of the acts of omission found by the jury, and that, therefore, as a matter of law appellant's conduct could not have been the proximate cause of the injury suffered by Larry Reed.

The present state of the law in Texas on these questions is succinctly stated in Genell,

Inc. v. Flynn, Tex.Sup.1962, 358 S.W.2d 543, as follows:

"Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor. Liability is grounded in the public policy behind the law of negligence which dictates that every person is responsible for injuries which are the reasonably foreseeable consequence of his acts or omissions. A person is not legally responsible for consequences which cannot be foreseen. Liability for negligence rests primarily on reason to anticipate injury and failure to perform the duty arising on account of such anticipation. See Texas & Pacific Railway Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 163 (1896); Uvalde Construction Co. v. Hill, 142 Tex. 19, 175 S.W.2d 247 (1943). It is recognized in this state that anticipation of consequences is a necessary element in determining whether the injury complained of is proximately caused by such act or omission. Actual anticipation, of course, is not in any sense the test, but what one should under the circumstances reasonably anticipate as consequences of his conduct. See City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 670, (1923) opinion approved by the Supreme Court, 27 A.L.R. 927; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613 (1949); Dallas Ry. & Terminal Co. v. Black, 152 Tex. 343, 257 S.W.2d 416 (1953); Houston Lighting & Power Company v. Brooks, 161 Tex. 32, 336 S.W.2d 603 (1960)."

■ Appellant parked its truck 2½ feet from a garage in a public alley where it knew children frequently played. After the lid of the tool box was opened, only one foot of passageway remained unobstructed. The gray metal lid 18 inches wide by ¾ of an inch thick would be difficult to see by

one whose eyes were approximately on the same level. In determining what constitutes ordinary care all of the attending circumstances must be considered. Since this was a public alleyway in which small children were known to play, appellant knew, or should have known, that one of them would probably run between the truck and the garage. The fact that more space for passing existed on the side of the truck near the center of the alley is not important in determining the existence of negligence vel non where children at play are concerned. The habits of children at play are matters of common knowledge which appellant will be deemed to know. Nesmith v. Magnolia Petroleum Co., Tex.Civ.App., 82 S.W.2d 721; Pacific Greyhound Lines v. Vermillion, Tex.Civ.App., 87 S.W.2d 312, dism.; Texas General Utilities Company v. Nixon, Tex.Civ.App., 81 S.W.2d 250.

Appellant should have anticipated that if a child attempted to run between the truck and the garage, when 60% of the available space was blocked by a metal lid with sharp corners, and when it would be difficult for a small child to see the lid because of its size and color, such a child would probably receive injuries by reason of a collision with the lid. The answers returned by the jury to the issues submitting negligence and proximate cause are supported by evidence of probative force and the trial judge did not err in rendering judgment based on such answers. Collins v. Pecos & N. T. Ry. Co., 110 Tex. 557, 212 S.W. 477; Dallas Ry. & Terminal Co. v. Black, 152 Tex. 343, 257 S.W.2d 416.

■ Appellant also complains of the failure of the trial court to submit certain requested issues by which it sought to establish that Addie Mae Reed failed to keep proper custody and control over Larry Reed and that such failure was the sole proximate cause of his injuries. This question was recently considered by the Court of Civil Appeals at San Antonio in the case of Kuemmel v. Vradenburg, 239 S.W.2d 869, writ ref., n. r. e. In that case the trial court sustained exceptions to that part of the defendant's answer by which this defense was pleaded. This action of the trial court was held not to be error. Since there was a dissent on this point in the Court of Civil Appeals, we assume, without having examined the application for writ of error, that this point was before the Supreme Court and that their action in refusing a writ of error, n. r. e., necessarily implies approval of the decision of the Court of Civil Appeals on this point. In any event, we agree with the reasoning of the Kuemmel case and hold that the failure of the trial court to submit these issues was not error.

Appellant submits that the trial court erred by instructing the jury in connection with the damage issue, to consider "such humiliation and embarrassment" which Larry Reed will suffer in future because it was not a proper item of damages and permits double recovery.

The objection made to the court's charge was that " 'humiliation and embarrassment' is not a proper item to be submitted to the jury and is not a proper item of damages, and is not the type of element of damages that a jury is supposed to consider."

■ That portion of the point of error to the effect that humiliation and ambarrassment is not a proper item of damage must be considered in connection with the objection made in the trial court since the point must be construed as complaining of action of the trial court in overruling appellant's objection to the charge. Hicks v. Fredericks, Tex.Civ.App., 286 S.W.2d 315. Rule 274, Texas Rules of Civil Procedure, provides that "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection." "The purpose of that rule is to give the trial court an opportunity to correct any errors in the charge so that the case may be properly submitted." Missouri Pacific Railroad Company v. Kimbrell, 160 Tex. 542, 334 S.W.2d 283.

It is, therefore, unnecessary to search the record for the purpose of determining whether or not the specific elements made the subject of the point of error are raised by the evidence or may be presumed from the nature of the injury proved. The only questions raised by the point are whether embarrassment and humiliation may properly be considered by the jury as elements of damage for personal injuries resulting in disfigurement, i. e., the loss of an eye, and whether this method of submission permits double recovery.

■ It is well settled that mental suffering is an item of damage in a proper case. Texas & N. O. R. Co. v. Cammack, Tex.Civ.App., 280 S.W. 864, err. ref.; Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706, err. ref., w. o. m.

■ Disfigurement is also a proper element of damage aside from any effect it might have on earning capacity. Southwestern Bell Telephone Co. v. Ferris, Tex. Civ.App., 89 S.W.2d 229, writ dism.; Houston Transit Company v. Felder, 146 Tex. 428, 208 S.W.2d 880. This may be justified on the theory that suffering is induced in the mind of the injured party by contemplation of his changed physical condition. Missouri, K. & T. Ry. Co. v. Miller, 25 Tex.Civ.App. 460, 61 S.W. 978, writ den.; Chicago, R. I. & G. Ry. Co. v. Smith, Tex. Civ.App., 197 S.W. 614, aff'd Tex.Com.App., 222 S.W. 1099; Texas Electric Ry. v. Whitmore, Tex.Civ.App., 222 S.W. 644. Humiliation is an item of damage in a proper case. Cunningham v. Pennsylvania R. Co., D.C., 55 F.Supp. 1012; Lebeck v. William A. Jarvis, Inc., D.C., 145 F.Supp. 706; Texas Bus Lines v. Anderson, Tex. Civ.App., 233 S.W.2d 961, writ ref., n. r. e.; Leach v. Leach, 11 Tex.Civ.App. 699, 33 S.W. 703, writ ref.; City of Dallas v. Maxwell, Tex.Civ.App., 231 S.W. 429, rev. on other grounds Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927.

■ Evidence of ambarrassment has been held admissible on the question of damage. City of Amarillo v. Rust, Tex. Civ.App., 64 S.W.2d 821. In a proper case recovery has been allowed for fright. San Antonio & A. P. Ry. Co. v. Corley, 87 Tex. 432, 29 S.W. 231. Damages are allowed for disfigurement, humiliation, embarrassment and fright because they cause mental suffering. Texas Power & Light Co. v. Martin, Tex.Civ.App., 226 S.W. 451, writ dism.; Southwestern Bell Telephone Company v. Ferris, Tex.Civ.App., 89 S.W.2d 229, writ dism.; Texas Electric Ry. v. Whitmore, supra; Galveston, H. & S. A. Ry. Co. v. Clark, 21 Tex.Civ.App. 167, 51 S.W. 276, writ ref.; Gulf, C. & S. F. Ry. Co. v. Sauter, 46 Tex.Civ.App. 309, 103 S.W. 201, writ ref.; Laney v. Rush, Tex. Civ.App., 152 S.W.2d 491.

In City of Dallas v. Maxwell, supra, the court said: "The shade of difference between the terms 'mental suffering,' 'humiliation,' and 'mortification' is so dim that lexicographers have not been able to distinguish the one from the other. A physical deformity which is patent to observers may produce these things."

Prosser, in his Handbook of the Law of Torts, Ch. 5, § 34, p. 213, says:

"Where the defendant's negligence inflicts an immediate physical injury, such as a broken leg, none of the foregoing objections has prevented the courts from allowing compensation for purely mental elements of damage accompanying it, such as fright at the time of the injury, apprehension as to its effects, nervousness, or humiliation at disfigurement. With a cause of action established by the physical harm, 'parasitic' damages are awarded, and it is considered that there is sufficient assurance that the mental injury is not feigned."

■ While mental suffering is a more inclusive term and properly could have been submitted in this case, the submission of certain elements of mental anguish, con-

sidering the objection urged, rather than the more inclusive term, if error, would be error favorable to appellant and will not result in a reversal of the case. Rule 434, Texas Rules of Civil Procedure; Houston Transit Co. v. Felder, supra.

Appellant argues that the meaning of the words "humiliation" and "embarrassment" is substantially the same, and that since the court submitted "humiliation *and* embarrassment" rather than "humiliation *or* embarrassment", the "jury may well have thought that these were two separate items of recovery and thereby may well have allowed double recovery * * *"

In Houston Transit Co. v. Felder, 146 Tex. 428, 208 S.W.2d 880, 883, the Supreme Court of Texas said:

"There was no such overlapping or blending of separate elements of damages in this charge as would reasonably be calculated to confuse the jury or lead it to assess damages twice for the same loss. The court's charge and the jury's consideration of it must be appraised in the light of ordinary reason and everyday experience. Distinctions which are too fine are apt to lead to needless perplexities and purely legalistic results. This charge does not, when tested by reason and the precedents, subject the company to any liability not compensable at law. We conclude that none of the grounds upon which the company criticizes the charge is reasonably calculated to have injuriously affected its substantial rights. Rule 434, Texas Rules of Civil Procedure; American Nat. Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W.2d 626, error refused want of merit."

The burden rests on appellant to show that the error of which complaint is made probably resulted in the assessment of double recovery. Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W. 2d 229, writ dism.; Houston Transit v. Felder, supra. This point does not present reversible error.

Appellant contends that prejudicial error was committed by appellee's attorney in his opening argument to the jury, by contrasting the financial status of the plaintiff and the defendant. The attorney spoke of Houston Lighting & Power Company as a large concern and later, without referring to appellant, spoke of the poor colored boy and of "this poor woman's son," and again mentioned "this boy's age, intelligence and station in life." That Houston Lighting & Power Company is a large concern probably is known to all residents of Galveston County, Texas. Evidence introduced by appellant over the objection of appellee made it plain that Larry was poor and the fact that he was colored was apparent. The remarks complained of, considered in their context, were improper, but when the record as a whole is reviewed, probable injury is not disclosed. Walker v. Texas Emp. Ins. Ass'n., 155 Tex. 617, 291 S.W.2d 298.

One of appellee's attorneys, in the opening argument, said: " * * * He went through an operation and stayed in the hospital for about a week, and also that he is going to have to go around the rest of his life with one eye. This doctor—Mr. McLeod—he can wear a glass eye, he said, 'He could perfectly wear that.' But I ask you, Ladies and Gentlemen, is that what you would want to wear?"

The attorney for appellant objected and, out of the hearing of the jury, moved for a mistrial on the ground that the argument was so prejudicial that it could not be cured by instruction. The court denied the motion for mistrial and appellant did not request that any instruction be given the jury with regard to the argument. This argument has been held improper in many cases. Brooks v. Enriquez, Tex.Civ.App., 172 S.W.2d 794, err. ref. In the Brooks case the improper argument was held to constitute reversible error. It was particularly pointed out that in the cases where

such arguments were held to warrant reversal an objection was made to the argument and overruled by the trial court. In Texas Employers Ins. Ass'n v. Thames, Tex. Civ.App., 252 S.W.2d 228, ref., n. r. e., the court held that such an argument will require reversal unless the error is removed by the action of the trial court in sustaining an objection and instructing the jurors not to consider the argument. The same rule is found in Tex. Emp. Ins. Ass'n v. Goforth, Tex.Civ.App., 307 S.W.2d 610, err. ref., n. r. e. Since appellant told the trial judge that the argument was such that it could not be cured by instruction and the trial court failed to act on appellee's suggestion that such instruction be given the jury without objection by appellant, we consider the rule announced in the cases cited applicable here. The trial court did not err in overruling appellant's motion for a mistrial. Red Top Cab Co. v. Capps, Tex.Civ.App., 270 S.W.2d 273, ref., n. r. e.; Texas & P. Ry. Co. v. Hagenloh, Tex.Civ.App., 241 S. W.2d 669, rev. on other grounds, 151 Tex. 191, 247 S.W.2d 236.

Appellant's final point is that the court erred in entering judgment since the verdict was for an excessive amount. The jury awarded appellee the sum of $15,000.00 as damage for the pain and suffering endured in the past, diminished earning capacity after age 21 and humiliation and embarrassment. While the evidence available to demonstrate loss of earning capacity of a small child or the effect and extent of pain or humiliation on such a child, is necessarily limited, we are unable to say that the sum awarded here is so large in relation to the injury sustained as to be clearly excessive. Phillips Petroleum Co. v. Burkett, Tex.Civ. App., 337 S.W.2d 856, ref., n. r. e.; Continental Bus System, Inc. v. Toombs, Tex. Civ.App., 325 S.W.2d 153, err. ref., n. r. e.

The judgment of the trial court is affirmed.