## GREATHOUSE vs CROAN

Opinion delivered September 23, 1903.

1. *Injuries—to Person—Negligence—Wilfulness—Instructions.*

In an action for personal injuries resulting from the shooting of plaintiff by defendant, where the complaint alleges that the injuries occurred through the careless, reckless, and negligent acts of defendant, instructions that plaintiff might recover if the proof established a wilful and intentional showing, were erroneous.

2. *Injuries—Action for—Assault and Battery.*

An action to recover for injuries resulting from the negligent acts of defendant, cannot be treated as an action for assault and battery, which contemplates an intentional injury.

3. *Injuries—Action for—Complaint—Amendment—Presumption of.*

Where, in an action for personal injuries charged as resulting from the negligent acts of defendant, the record does not affirmatively show any amendment of the complaint it cannot be presumed, on appeal, that such amendment was made, simply because instructions were given to the jury to fit the facts which would have been proper if the amendment had been actually made.

Appeal from the United States Court for the Northern District.

JAMES A. GILL, Judge.

Action by R. B. Croan against William Greathouse. Judgment for plaintiff. Defendant appeals. Reversed.

This is an action by the appellee (plaintiff below) against the appellant (defendant below) to recover damages for injuries received, as alleged in the complaint, by the "careless, reckless, and negligent" pointing of a pistol at the body of plaintiff, and the "careless, reckless, and negligent" discharge of the same, inflicting certain serious wounds upon his body. The complaint is as follows: "That on or about the 29th day of December, 1899, near the town of Nowata, the said defendant did then and there carelessly, recklessly, and negligently point a pistol or revolver at the head and body of this plaintiff which said revolver was then and there held in the hand of the defendant, and was then and there loaded with powder and lead, and that the defendant did then and there, with said pistol or revolver so held by the said defendant within one foot of the head and body of the plaintiff, negligently, carelessly, and recklessly discharge the said pistol or revolver at the head and body of this plaintiff, * * * did strike and enter the head of plaintiff. * *. * That by reason of the wounds thus carelessly, recklessly, and negligently, inflicted upon this plaintiff by the said defendant, as aforesaid, plaintiff permanently lost the use of his right eye, and a large quantity of brains. * * *"

To this complaint the defendant filed the following amended answer: "Defendant denies that on or about the 29th day of December, 1899, he carelessly, recklessly, and negligently pointed a revolver at the head of the plaintiff, and that he then

and there negligently, recklessly, and carelessly. discharged said revolver, thereby inflicting upon the said plaintiffs ·the injuries set forth in his complaint. * * * The above-named defendant, further answering the complaint of the said plaintiff, alleges that on or about the date mentioned in plaintiff's complaint the said plaintiff made a deadly assault upon this defendant with the stock of a large whip, at the same time threatening to kill him; that after the said plaintiff had struck at said defendant with said whip, at the same time. threatening to kill him and beat him with said whip, and when he was about to again strike him with said whip, the said defendant, in order to defend himself against such deadly assault, drew from his pocket his pistol, and struck the said plaintiff upon the head therewith; that when he, the said defendant, struck the said plaintiff with the pistol, the same was discharged, and inflicted upon the said plaintiff a wound; * * * that said defendant did not discharge said pistol, nor did he expect or intend that the same be discharged, but said defendant intended to repel said deadly assault by striking the said plaintiff as aforesaid, if possible so to do. The· defendant, further answering, states that it is not true that he recklessly, carelessly, or negligently inflicted any injury whatever upon the plaintiff, but alleges the truth to be that in defending himself against the deadly assault of the said plaintiff the said defendant inflicted certain injuries upon the plaintiff," etc.

Upon these pleadings the case was tried, resulting in a verdict for $5,000 for plaintiff. A motion for a new trial was filed, overruled, and the case regularly appealed to this court.

*Mellette & Smith, John B. Turner, J. A. Tillotson & E. B. Lawson,* for appellant. *W. H. Kornegay* and *William T. Hutchings,* for appellee.

CLAYTON, J. It is contended by the appellant that the court erred in its charge to the jury, to the effect that the plain-

tiff would be entitled to recover in this action on proof showing a willful and intentional shooting, although the complaint only averred a negligent one. And this is the only question necessary for us to decide in this case.

The testimony of the plaintiff clearly showed a willful and an intentional injury. The defendant offered proof to show that the plaintiff was assaulting him with the butt end of a whip handle, and, to defend himself from the blows, he struck plaintiff on the head with a pistol, and that the concussion of the blow caused the discharge of the pistol, which produced the injuries complained of.

The parts of the court's charge to which error is assigned are as follows:

"(1) This is an action for damages, brought by the plaintiff against the defendant, for the wrongful assaulting and shooting of him on the 29th day of December, 1899. The defendant in this action admits the shooting, and pleads justification. If the act was intentional, and without justification or excuse, of course, defendant would be liable, and proof of the shooting would make a prima facie case of intentional shooting. When, therefore, the plaintiff proved that fact, and that defendant inflicted injury thereby, it devolved upon the defendant to exonerate himself on his part, and that it was necessary, under all the circumstances, to protect his life or his body from serious bodily harm.

"(2) There is considerable evidence one way and the other as to the use by the plaintiff and defendant, respectively, of insulting and improper language; but you are instructed that provocative words do not justify an assault or lessen the actual damages of the person assaulted, and in this case the defendant's liability begins, if at all, with the beginning of his own acts; and the questions for you to determine are, first, who made the

first assault; and, second, if plaintiff made the first assault, whether the defendant used more force than was necessary for his protection.

"(3)  If the defendant was the aggressor, he cannot invoke the plea of self-defense; but, if you should believe from the evidence that the plaintiff was the aggressor, the defendant must not have gone, in the defense of himself, beyond the necessities of the case, or inflicted excessive injuries on the plaintiff, even though, as claimed by the defendant, the plaintiff made an unlawful attack upon him with the whip offered in evidence. The defendant, in repelling such an attack, if made, was only justified in resorting to such violence and the use of such force as the particular circumstances of the case required for his protection.   Now, the degree of force to be employed in protecting one's person must be in proportion to the attack made; for the only purpose which justifies the employment of force against an assault is to defend one's self, and a man is only justified in using such an amount of force as may be reasonably necessary to repel the attack, and, in determining whether the defendant acted honestly under such circumstances, you are to consider the reasonableness of the means made use of.

"(4)   A man cannot justify the use in a deadly manner of a deadly weapon in repelling an attack by another upon himself, except for the purpose of saving his life, or his person, from serious bodily injury; and if, in repelling an attack upon himself not made with a deadly weapon, he does make use of a deadly weapon, and uses more force than is necessary to repel the attack so made upon him, he is liable, in a civil action for damages, for all the actual damages accruing to his assailant by reason of the excessive use of such deadly weapon.

"(5)  The fact that the plaintiff had a shot-gun in the field at the time of the shooting is no justification of the act of the

defendant, since the plaintiff did not have the gun, which was not loaded, and there is no evidence that the defendant knew the plaintiff had come to the field with the gun, or that the gun was in the field at the time of the shooting, unless it should appear from the evidence that the plaintiff brought said gun to the field anticipating and believing that he would or might have trouble with the defendant, then the fact of plaintiff's having said gun in the field may be considered by you in arriving at a conclusion as to the state of mind of plaintiff towards defendant at the time of the difficulty.

"(6) You are further instructed that if the defendant at the time he claims to have struck the plaintiff with the pistol, although he may not have intended that the same should be discharged, yet if you find that he handled said pistol in such a careless and negligent manner as to inflict the injuries sustained by plaintiff, and that the same were unnecessary for the protection of the defendant's life, or of his person from great bodily injury, then your verdict should be for the plaintiff.

"(7) The law presumes that every man intends the natural consequences of his act, and in this case, if you find that the defendant used a double action pistol on the person of plaintiff in such a manner as a reasonably prudent man would have anticipated that it would be discharged, and the pistol, being so used, was discharged, and plaintiff was injured thereby, defendant would be liable for all damages thereby occasioned to plaintiff, unless he was justified in so injuring the plaintiff in his means of self-defense, as heretofore defined."

There can be no question but that those instructions to the jury charged them that an intentional shooting, if not done in defendant's self-defense was sufficient to justify a verdict for the plaintiff. They were all based upon the testimony showing such a shooting and, had there been such an averment in the

(44)

complaint, they gave the law correctly. But there was no such an averment. On the contrary, the averments all were that the injury to plaintiff was the result of the negligent acts of the defendant. It is true that the complaint avers that the injury occurred through the reckless, careless, and negligent acts of defendant, but the words "reckless" and "careless" do not impute willfulness or intention. They mean nothing more than simple negligence. L. & N. R. Co. vs Anchors (Ala.) 22 South. 281, 62 Am. St. Rep. 116; R. R. Co. vs Crocker, 95 Ala. 412, 11 South. 262; Southern R. Co. vs Prather (Ala.) 24 South. 836, 72 Am. St. Rep. 949; Chicago & E. I. R. Co. vs Hedges (Ind.) 7 N. E. 801; Terre Haute R. Co. vs Graham, 95 Ind. 286, 48 Am. Rep. 719.

"It is clear that the plaintiff may elect between suing on a charge of willful injury or on a mere charge of negligence, wherever the facts are capable of a double construction. It does not lie with the defendant to insist that he has been criminal instead of merely careless. In making his election, however, the plaintiff must remember that he will be bound by it. If the complaint sets up a case of willful injury, it cannot be sustained by evidence of mere negligence, however gross; while, on the other hand, if it charges negligence only, the plaintiff cannot put in evidence of facts the only relevancy of which consists in proving intentional injury, such as would sustain an entirely different action. Any degree of negligence may be proved under a general averment of negligence, but nothing more." 1 Sher. & Red. on Neg. (5th Ed.) § 7.

"Under a complaint alleging that the injury was caused in a willful, reckless, careless, and unlawful manner plaintiff cannot recover without showing willful injury." R. R. Co. vs Burdge, 94 Ind. 46.

"When plaintiff charges negligence, and not willful injury, he cannot prove the latter." R. R. Co. vs Smith, 98 Ind. 42; O'Brien vs Loomis, 43 Mo. App. 29.

In the case of O'Brien vs Loomis, supra, the court say: "We are of the opinion that there is a fundamental error running through these instructions, in that they authorize a recovery on the hypothesis of the injury having been "intentional,' or that the gun was fired 'intentionally' at the plaintiff, the defendant 'intending to wound and injure her,' whereas the petition does not allege that the injury was willful or intentional, but alleges that it was negligent. * * * The petition, therefore, claims damages for an injury the result of negligence, and the instruction authorizes the jury to give damages on the hypothesis of willfulness and an intent to injure. We are of the opinion that this case falls within the well-settled rule that the issues made by the pleadings cannot be broadened by the instructions. The last element of negligence, and that which distinguishes it from fraud or other willful injury, is the absence of any distinct intention to produce the precise damage to the plaintiff which actually follows as a result of the negligence. If such an intention is alleged in a complaint, the action is based upon willful injury, and can only be sustained upon that ground. If it is not so alleged, evidence of an actual intent to cause the damage which is the basis of the action is inadmissible. But it often happens that evidence comes out at the trial in a perfectly proper way, from which a jury might fairly infer actual malice, and occasionally of such a nature that no sensible man could infer anything less. In such cases, no malice being pleaded, the plaintiff's counsel ought not to be allowed to argue to the jury that it was a case of real malice, and the court should carefully instruct the jury that they cannot award damages upon any theory more severe than that the defendant had been so grossly negligent as to be indifferent whether he injured the plaintiff or not." Sher. & Red. Neg. (5th Ed.) § 19.

If this be such a case that the evidence of willful injury was admitted "in a proper way," and plaintiff's counsel ought not to have been allowed to argue malice," or, what is the same thing, a willful injury, then surely it was error in the court to charge it. And if in such case the court should "have carefully instructed the jury not to award damages on any theory more severe than that the defendant had been so grossly negligent as to be indifferent whether he injured the plaintiff or not," and the court not only did not so instruct the jury, but did instruct them that they might award damages on the theory of a willful shooting and of malice, as was done in this case, this was also error.

In cases of willful injuries the law allows punitive damages to be given against the defendant in addition to those actually sustained by the plaintiff, but this is not allowed in cases of mere negligence; and, besides, juries, if not restrained by the charge of the court, would naturally and intuitively give higher damages in a case where the injury was intentionally inflicted than where it was the result of only a negligent act; and hence the necessity for the instruction, in cases where negligence only is averred, that they assess damages only on that theory.

The plaintiff's counsel attempt to avoid the effect of their pleadings by asserting that this is not an action for injuries resulting from the negligent act of the defendant, but is an action for "assault and battery." and cite the case of Laurent vs Bernier, 1 Kan. 401, in which the court held that a negligent shooting is a "battery;" but that court does not hold that a negligent shooting is an "assault and battery." Mansf. Dig. § 1562, defines an assault to be "an unlawful attempt coupled with present ability, to commit a violent injury on the person of another." "The intention to commit injury is the essence of an assault. Battery is the infliction of violence on the person; its intention is not material." Maxwell on Code Pl. 418.

Therefore, in a case of assault and battery, the assault being alleged, it must appear affirmatively from the complaint as a fact that the injury was intentionally done, In the complaint in this case it is alleged, as a matter of fact, that the injury was produced by defendant's negligent act, and there fore not intentionally done. It necessarily follows that this action is not one for an "assault and battery."

But it is contended that the complaint at any time before the end of the trial could be amended from one alleging the injury as the result of negligence to one of willful injury. Conceding, arguendo, that this could be done, it was not done, either by any motion of the plaintiff, or any intimation of the court that it would be so considered. The court at the beginning of the charge stated the issue presented by the complaint in the following language: "This is an action for damages brought by the plaintiff, R. B. Croan, against William Greathouse, and for his cause of action the plaintiff alleges, in substance, that on or about the 29th day of December, 1899, in the Northern District of the Indian Territory, the said defendant did carelessly, recklessly, and negligently, point a pistol or revolver at the head and body of this plaintiff, said pistol being within one foot of the head and body of said plaintiff and that the said defendant carelessly, recklessly, and negligently discharged the pistol, inflicting upon the said plaintiff certain injuries, set forth in his complaint; that the said plaintiff has been damaged by said reckless shooting in the sum of," etc. The answer was simply a general denial and self-defense.

It requires the affirmative action of the court to amend a complaint after answer filed, and the mere fact that a charge was given to fit a fact which would have been proper if the complaint had been amended is not sufficient to show that the amend ment had been made. In the cases cited the courts generally

announced that they would consider the complaint as amended, and this declaration, we presume, was made a part of the record by the bill of exceptions, for otherwise the courts to which they were appealed could not have noticed them as they did. If the complaint in this case had been amended in the particular contended for, the plaintiff would have lost all advantage of the proof that the injury was the result of negligence, and if the court had considered the complaint as amended it would have been its duty to have charged the jury that in case they should find that the injury resulted from a negligent shooting on the part of the defendant, as originally alleged, and not a willful one, they must find for the defendant; and the strongest evidence that the complaint was not considered as amended is that the instruction was neither asked nor given. but the jury was left in the condition that it was their duty to find for the plaintiff, whether the proof showed a willful injury, or an injury resulting from negligence. In either event, they were to find for the plaintiff. If the complaint were considered as amended, so as to present a different issue, to be solely passed upon by the jury, they were not apprised of it. The verdict does not, nor does any proceeding of the court, inform us as to whether the jury found their verdict and assessed the damages on the theory of a willful injury or of a negligent act upon the part of the defendant.

Reversed and remanded.

RAYMOND and TOWNSEND, JJ., concur.