INCORPORATED TOWN OF STONEWALL, OKL., v. STONE.

(Circuit Court of Appeals, Eighth Circuit. July 14, 1913.)

No. 3,864.

1. PLEADING (§ 236*)—AMENDMENT—DISCRETION OF COURT.

The granting or refusal of leave to amend a pleading during the trial to allege fraud is within the discretion of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

2. MUNICIPAL CORPORATIONS (§ 374*)—CONTRACTS.

Where plaintiff built a waterworks system for defendant town in accordance with plans and specifications furnished by an engineer employed by the town, he was not bound to inquire into the limitation on the engineer's authority; and in an action to recover a balance due on his contract, the contract between the town and engineer is immaterial, in the absence of proof that plaintiff knew of any departure therefrom by the engineer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. § 374.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action at law by F. R. Stone against the Incorporated Town of Stonewall, Okl. Judgment for plaintiff, and defendant brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George W. Burris, of Stonewall, Okl., and King & Maxey, of Ada, Okl., for plaintiff in error.

D. B. Welty, of Oklahoma City, Okl., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

WILLARD, District Judge. Stone, the defendant in error, who was the plaintiff below, made a contract with the town of Stonewall for the construction of a system of waterworks for $19,900. On this contract $16,400 has been paid, and this suit is brought to recover the remainder, $3,500. There was a verdict for plaintiff.

Among the things to be constructed by the plaintiff was the following: "One 50,000-gallon steel tank on tower, as per plan." Stone built a tower 42 feet high. The defendant claims that the tower should have been 75 feet high. There was evidence that the original plan called for a tower located in the middle of the town 100 feet high, that a change was afterwards made in the location of the tower, and it was placed on top of a hill outside of the town, and made 42 feet high. Plaintiff testified that his bid, upon which the contract was later based, was made upon a plan then in the office of the clerk of the town, which called for a tower 42 feet high.

1. The first assignment of error is as follows:

"The court erred in holding that the allegations set out in defendant's pleadings [answer] were insufficient to warrant the admission of evidence offered by defendant going to show a fraudulent conspiracy between the plaintiff and the defendant's agent, the town engineer, whereby the plans and specifications of the tower and tank, the subject-matter in action, were changed and substituted without the knowledge and consent of the defendant."

The answer admits the making of the contract, denies that the plaintiff completed it, denies that the defendant is indebted to the plaintiff in any sum, and alleges as a counterclaim that plaintiff agreed to erect a tank 75 feet high, and that he failed to do so, to defendant's damage in the sum of $5,000. There is no allegation of any kind in the answer of any fraud or conspiracy. This assignment of error cannot be sustained. Moreover, the case shows that when defendant asked leave to amend its answer the following proceeding took place:

"The Court: I will refuse the amendment, gentlemen. I think it is a little too late.

"Mr. King: To which we except, if the court please. Now, your honor, you will allow us to show now if Mr. Stone and Mr. McIntire did fraudulently change this plan of the original blueprint, and we didn't know any thing about it; we can show that, can we?

"The Court: If the plaintiff here is connected with it in the manner which you suggest, it would be pertinent to the point, although he built according to the plans testified to that they were not the plans, and he knew it. In that phase of the case it would probably be competent."

Evidence was received as to all that took place in regard to the plans, as to the plaintiff's knowledge of a change in them, and his participation therein, and the court charged the jury as follows:

"Of course, if, on the other hand, he knew, or had reason to know from all that occurred there, that he was entering into a contract with the president

of the board of trustees and the clerk, who represented the board of trustees of the town of Stonewall, they believing that he was contracting to build the original tank and tower, and believing that he had that tank and tower in his mind, he knowing that the engineer, unknown to them, without their authority, had changed the plan, and that he was going to build a tank and tower in conformity with the changed plans, which was unknown to them, then he cannot recover in this case. * * * I say, therefore, it is largely a question of good faith. If, on the other hand, he knew the engineer was doing that which deceived other parties to the contract, that is, the city of Stonewall, represented by the board of trustees, and that by that deception he was entering into a contract to build a substantially different plant from what they thought they were getting, he then cannot recover, because he cannot be said to have complied with the contract according to its terms, and especially with reference to the plans, if that be true, that he knew was in the minds of the other contracting parties."

[1] 2. The second assignment of error is based upon the refusal of the court to allow the defendant to amend its answer, so as to allege the existence of fraud and collusion between the town engineer and the plaintiff with regard to the plans. Whether or not this amendment should have been allowed was in the discretion of the court, and there is nothing to show that that discretion was abused. Moreover, as has been seen, the court left to the jury the question as to whether or not the plaintiff acted in good faith, and in rendering a verdict for the plaintiff they must have found that he had no knowledge of any fraudulent change of plans.

3. The third assignment of error relates to the following observation made by the judge during the trial, in the presence of the jury:

"It doesn't make any difference, in my judgment, so far as this case was concerned, whether the plans were adopted by the city or not, if their representative, the city engineer, without the collusion of this plaintiff, and that is not in this case, presented to those bidders that night the plans—he presented them as the representative of the city, and the city is bound by those plans, when it proceeds to accept those bids."

No exception was taken to this remark, and when, later, the court charged the jury substantially to the same effect, the defendant did not except.

[2] 4. Defendant assigns as error the refusal of the court to admit in evidence the contract between the town and its engineer McIntosh. The part of the contract claimed to be material is the following:

"It is understood that all plans and specifications are to be submitted to the board of trustees for their approval and adoption, and that such copies of the approved plans as are required will be furnished."

As has been already observed, the court held that evidence was admissible which tended to show that the plaintiff and McIntosh fraudulently changed the plans without the knowledge of the defendant. The court charged the jury, as hereinbefore indicated, that if the plaintiff knew that there had been a change of plan, not known to the trustees, he could not recover. The verdict of the jury necessarily indicated, either that there was no such change, or, if there had been, that the plaintiff did not know of it. No evidence tending to show such knowledge was ruled out by the court. Under these circumstances, the fact that the contract provided that the plans must be

submitted to the trustee was immaterial. Plaintiff was not bound to inquire as to the limitation upon the authority of the engineer. He was entitled to act upon the plans submitted to him by the proper authorities of the town and upon which he based his bid.

The judgment of the court below is affirmed.