## TWAY v. SENECA MOTOR CAR CO.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1922.)

No. 3825.

1. **Appeal and error ☞959(1)—Pleading ☞236(1)—No reversal for rejection of amendment, in absence of abuse of discretion.**

The allowance or rejection of an amendment to an answer is in the court's discretion, and its decision will not be reversed, in the absence of a manifest abuse of this discretion.

2. **Sales ☞435(5)—Proposed amendment to answer, pleading increased selling expenses because of plaintiff seller's breach of warranty, held properly disallowed.**

In action by automobile manufacturer against dealer for the price of automobiles which the dealer had with one exception resold, the court properly refused defendant permission to amend his answer to set up a counterclaim arising from increased expenses of conducting his business, because the cars were not as warranted by plaintiff, where the amendment proposed failed to allege any facts showing that expenses were increased by plaintiff's wrongful acts, or that items of expense complained of were the consequence of any breach of warranty, or would not have been incurred, regardless of the alleged breach, in the general conduct of defendant's business, and also failed to show by proper averments that such damages were not too remote and were within the parties' contemplation.

3. **Trial ☞260(1)—Request covered by general charge refused.**

The court is not required to give a proper request, where the subject-matter was embraced in the charge given.

4. **Sales ☞446(9)—Refusal to charge on theory that goods were worthless held not error.**

In action by automobile manufacturer against dealer for the price of automobiles sold, defended on ground of breach of warranty, where 26 of these automobiles sold for approximately $13,000, and there was no proof that the only one remaining unsold was not of equal value to any one of those sold, the failure to charge on the assumption that the jury might find the automobiles to have been worthless was not error.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by the Seneca Motor Car Company against Charles W. Tway. Judgment for plaintiff, and defendant brings error. Affirmed.

E. Marvin Underwood and Edgar E. Pomeroy, both of Atlanta, Ga., for plaintiff in error.

James L. Mayson, of Atlanta, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The Fostoria Light Car Company, whose name was subsequently changed to Seneca Motor Car Company (hereinafter styled Company), on April 3, 1916, made a contract with Charles W. Tway to furnish to him for sale its motor cars, which he was to sell on a commission of 25 per cent. Complaint was made, principally as to the rear axles on these cars so furnished, and at an interview an adjustment was made, by which the company was to re-

place these axles and was to sell to Tway 12 new cars at a reduced price. It was claimed by Tway that this reduced price was to be $300 per car, and such price was to apply to the 15 cars previously furnished. The company claimed that the new price was to be $400 per car and that it applied only to the 12 cars then purchased and on 3 of the 15 cars first furnished, which had not yet been received by Tway. It also claimed that the agreement to replace the existing axles with new ones and to reduce the price was to settle all differences and complaints. Tway insisted that the cars were further warranted to be satisfactory in all respects. The company brought suit against Tway for the price of these 12 cars and of certain additional parts sold to him. By amendment the price was alleged to be $400 per car, and the entire bill was stated to be $5,050.24, after allowing the defendant a credit for certain articles returned to plaintiff. Tway defended, setting up the above contentions, and claiming that the cars furnished were worthless.

[1, 2] Pending the trial of the case the defendant offered an amendment to its answer, setting up a counterclaim arising from the expenses of conducting his business. The court refused to allow said amendment as claiming damages which were too remote, and this ruling is assigned as error. It would be sufficient to say that the allowance or rejection of an amendment is in the discretion of the court, and his action will not be reversed, unless such discretion is manifestly abused. We think that no abuse of discretion appears here. Incorporated Town of Stonewall v. Stone, 207 Fed. 540, 542, 125 C. C. A. 139; Mexican Central R. Co. v. Duthie, 189 U. S. 76, 78, 23 Sup. Ct. 610, 47 L. Ed. 715.

But we think that the court was correct in rejecting the amendment as not setting up a proper counterclaim. The averments of the amendment showed that the items were for salaries and other general expenses of business. It was admitted that all of said cars except one had been sold, and the amendment offered alleged no facts showing that these expenses had been incurred by reason of any wrongful act of the plaintiff and would not have otherwise been incurred. The proposed amendment averred generally that these expenses should be allowed, because, if the cars had been as claimed to have been warranted by the plaintiff, they could have been sold at an expense of $1,000; but no facts were alleged showing that this would have been so; or how the items of expense charged were incurred because of, or as the consequence of, any breach of warranty, or would not have been incurred, regardless of the claim of any such breach, under the general conduct of business by defendant.

The measure of damages for a breach of warranty does not as a rule include such damages, and no averments were made in the proposed amendment which prevented the damages claimed from being too remote and not within the contemplation of the parties. For the above reasons there was no error in the rejection of evidence offered to prove the allegations of the rejected amendment. The evidence was conflicting. It showed that 26 of these cars sold for approximately $13,000. There was no proof that any of them were returned by the

purchasers thereof. The trial resulted in a verdict for the plaintiff for $3,281.25, with interest from August 1, 1916.

[3] The charge of the court fairly submitted to the jury the controversy as to the claim of warranty and the other issues raised by the pleadings and evidence in the case. Where requests of the defendant were not given, the subject-matter of such request, where legal, was embraced in the charge as given. The court was not required under these circumstances to give the charges requested, even if altogether legal. United States Fidelity & Guaranty Co. v. Walker, 248 Fed. 42, 45, 160 C. C. A. 182; Detroit United Railway v. Weintrobe, 259 Fed. 64, 170 C. C. A. 132; Wayne v. Venable, 260 Fed. 64, 171 C. C. A. 100.

[4] We think, in view of the conceded fact that 26 of the cars sold for approximately $13,000, and there being no proof that the remaining car was not of equal value to any one of those sold, the failure to charge on the assumption that the jury might find the goods to have been worthless was not error. Such a theory was not warranted under the admitted facts. So, also, we think that it would have been error to charge the jury that the defendant could be entitled to a commission upon all of the 27 cars.

The second contract concerning the 12 cars furnished under it did not contemplate delivery under the terms of the first contract. The cars covered by the agreement for a reduction in price were not delivered to be sold on a commission, but were sold outright to Tway; he to pay the price named and being entitled to resell them at any price he could obtain. We find no error in the admission or rejection of the portions of evidence objected to, and the remaining assignments of error are not well taken.

The judgment of the District Court is affirmed.