## SUNLIGHT CARBON CO. v. ST. LOUIS & S. F. R. CO.

(Circuit Court of Appeals, Eighth Circuit. November 1, 1926.)

No. 7104.

**1. Pleading ⊜180(3).**

Where complaint alleges causes of action for violation of statute and negligence, new cause of action for willful injury cannot be invoked in reply.

**2. Appeal and error ⊜1042(2).**

Where only law claimed to have been violated was specially pleaded in reply, error in striking words "in violation of law" from reply *held* harmless.

**3. Limitation of actions ⊜127(11).**

Permission to file amendment to complaint stating new cause of action, which was barred by local statute of limitations, *held* properly denied.

**4. Limitation of actions ⊜127(11).**

Refusal to permit filing of amendment to complaint stating new cause of action barred by limitation *held* within trial court's discretion.

**5. Railroads ⊜469.**

Railroad company, in its private capacity as owner of property, may by contract be released from liability for damages by fire caused by negligence.

**6. Railroads ⊜249.**

State Legislature may make railroads absolutely liable for damages from fire originating from operation of road.

**7. Railroads ⊜469.**

Railroad company in its private capacity may *relieve itself from absolute liability* imposed by statute for fire, as well as from liability resulting from negligence.

**8. Railroads ⊜469—Release of railroad from liability for fire damages resulting from operation of spur track held not void as against public policy (Comp. St. Okl. 1921, § 5066).**

Release of railroad from liability for fire damages resulting from operation of spur track to plaintiff's plant, executed to induce construction of spur, *held* not void as against public policy, notwithstanding Comp. St. Okl. 1921, § 5066.

**9. Railroads ⊜469—Release of liability for fire damages resulting from operation of spur track and maintenance of right of way held applicable only to spur, and not main right of way.**

Release reciting that railroad should not be liable for damages to plaintiff's property along spur track to plaintiff's factory, or for destruction of property resulting from operation of spur or maintenance of right of way, *held* applicable only to spur and right of way connected therewith, and not to damages resulting from fire on main right of way.

**10. Release ⊜25.**

Release must be considered and construed in light of situation of parties when it was formulated.

**11. Pleading ⊜192(2), 367(4)—Complaint against railroad for damages from fire starting on right of way held subject to motion to make more certain or to demurrer for uncertainty.**

Complaint in action against railroad for damages to plaintiff's property from fire starting on railroad right of way, in which railroad interposed release from liability for fire damages resulting from operation of spur track to plaintiff's plant and maintenance of right of way

connected therewith, *held* subject to motion to make more certain or to demurrer for uncertainty, in absence of allegations as to where fire was set, or for what purposes locomotive alleged to have set fire was being used, or in what work railroad employees were engaged when fire started.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

Action by the Sunlight Carbon Company against the St. Louis & San Francisco Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

Mather M. Eakes, of Tulsa, Okl. (Leslie W. Lisle, of Tulsa, Okl., on the brief), for plaintiff in error.

Ben Franklin, of Oklahoma City, Okl. (E. T. Miller, of St. Louis, Mo., and Stuart, Sharp & Cruce, of Oklahoma City, Okl., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

JOHNSON, District Judge. On October 22, 1921, the manufacturing plant of plaintiff in error, located at Red Fork, Tulsa county, Okl., was destroyed by fire. This suit was brought to recover from the defendant railroad company the damages suffered by plaintiff through the loss of its plant. The complaint contains three causes of action. In the first cause of action it is alleged that sparks from an engine being operated upon the railroad of the defendant in the vicinity of plaintiff's property set fire to dry grass and other combustible material on the right of way of the railroad, and that the fire so started was communicated to and destroyed plaintiff's plant. In the second cause of action it is alleged that defendant's servants engaged in the operation of the railroad set out fire in the dry grass and other combustible material on the railroad right of way and that the fire so started was communicated to and destroyed plaintiff's plant. It will be observed that neither negligence nor the willful destruction of plaintiff's property is alleged in either of these two causes of action.

In the first count of the third cause of action it is alleged that the defendant's servants engaged in the operation of the railroad carelessly and negligently set out fire in the dry grass and other combustible material which defendant had negligently allowed to accumulate on its right of way in proximity of and adjacent to the property of plaintiff, at a time when a high wind was blowing directly towards plaintiff's premises, and that

the fire so started was communicated to and destroyed plaintiff's plant; in the second count it is alleged that the defendant carelessly and negligently permitted sparks to escape from the engine of one of its trains and set fire to dry grass and other combustible material which the defendant had negligently allowed to accumulate on the right of way in the vicinity of and adjacent to the property of plaintiff, at a time when a high wind was blowing directly towards plaintiff's premises, and that the fire so started was communicated to and destroyed plaintiff's plant. It will be observed that negligence, and not the willful destruction of plaintiff's property, is the ground of recovery relied upon in each of the counts of the third cause of action.

In its answer the defendant denied the material allegations of the complaint, and set up as an affirmative defense a written agreement entered into by plaintiff and defendant on March 18, 1920, providing for the construction of a spur track by defendant for the service of plaintiff's plant, in which plaintiff agreed that defendant should not thereafter be liable for any loss or damage sustained by plaintiff by reason of fire communicated to plaintiff's plant by the engines of defendant or otherwise, and whether caused by negligence or otherwise. The release reads as follows:

"As an inducement to railway company to enter into this agreement, and to construct, maintain as herein provided, and operate said spur track, shipper hereby agrees that railway company shall not be liable for or on account of any loss or damage which may at any time, in any manner, arise or be sustained by shipper or shipper's bailees, by reason of fire communicated to buildings of shipper now or hereafter erected at or near said spur track, or to the contents thereof, or to property of any kind owned or stored by shipper or others along said spur track or in cars thereon, by the locomotives, engines, trains, or cars of railway company, or otherwise, and whether caused by negligence of railway company or otherwise, or for or on account of any damages arising from death or of injury to persons, or loss or destruction of or damage to property, caused by or resulting in any manner from the operation or maintenance of said spur track or the right of way of said railroad. Shipper hereby further agrees to protect, save harmless, and indemnify railway company from and against all loss and damages in this paragraph referred to, and attorney's fees, costs, and expenses incident thereto."

In its reply plaintiff admitted the execu-

tion of the agreement but denied its validity on the grounds: (1) That the release was against public policy and void in that the fire which destroyed plaintiff's plant was set out on the right of way and permitted to be communicated to plaintiff's plant by the servants of defendant in violation of law and willfully; that the destruction of plaintiff's plant constituted a willful injury to plaintiff's property. (2) That the release was against public policy and void, because the fire which destroyed plaintiff's plant was set out by defendant's servants in violation of and without complying with the requirements of what is known as the Oklahoma prairie fire statute.

The trial court, upon the motion of defendant, struck out the defenses alleging that the fire which destroyed plaintiff's plant was set out by defendant's servants in violation of law and willfully and that the destruction of the plant constituted a willful injury to plaintiff's property, on the ground that they were departures from the causes of action alleged in the complaint. Thereupon the defendant moved the court for a judgment of dismissal upon the pleadings. After argument, and after the court had indicated its intention to grant the motion, plaintiff asked leave to amend the complaint by adding a paragraph to the first count of the third cause of action, alleging in effect that the acts and omissions of defendant's servants as thereinbefore alleged in the complaint, and as repeated and amplified in the amendment, were done or omitted to be done by said servants recklessly, willfully, intentionally, and wantonly; that said servants willfully, intentionally, wantonly, and recklessly permitted the fire set out by them to be communicated to plaintiff's plant. Leave to file the amendment was denied, and the motion for judgment upon the pleadings granted. Exceptions were taken by plaintiff to these rulings of the court, and each of said rulings is assigned as error in this court.

Although arguing otherwise later, counsel for plaintiff correctly states the purport of the complaint in the opening paragraphs of his brief. He says:

"The petition contained three counts or causes of action—the first cause of action * * * being for the damage alleged against the defendant as an insurer under the statute of Oklahoma on account of escape of fire from the locomotive engine; the second cause of action * * * being for damages alleged against the defendant as an insurer under the statute of Oklahoma on account of setting fire to the dry grass and other combustible material on the right of way; the third cause of action * * * being for damages against the defendant company on account of negligence both in allowing fire to escape from its locomotive engine, and from setting fire to the dry grass and other combustible material on the right of way as hereinbefore stated."

[1]. It is elementary that a cause of action based upon a willful injury to property differs in kind from the causes of action pleaded in the complaint based as they are either upon negligence or upon statutory liability. Clearly the defense set up in the reply based upon willful injury to plaintiff's property constituted a departure in pleading as was held by the trial court. While not fully pleaded, it invoked a new cause of action not set up in the complaint. 31 Cyc. 255, 18 C. J. 490; Greathouse v. Croan, 4 Ind. T. 668, 76 S. W. 273; Wilson v. Chippewa Valley Electric R. Co., 120 Wis. 636, 98 N. W. 536, 66 L. R. A. 912.

[2] It is plain that this new cause of action could not be invoked to overthrow the validity of the release in the contract for the purpose of permitting a recovery upon the causes of action alleged in the complaint. The error, if such it was, of striking the words "violation of law," or "in violation of law," was harmless, since the prairie fire statute is the only law which it is claimed was violated, and this statute was specially pleaded in the reply and was not stricken.

[3] Assuming that the proposed amendment charged the willful destruction of plaintiff's property, the cause of action alleged was, as already said, different in kind from those stated in the complaint. The amendment, had it been allowed, would have amounted to the bringing of an original suit against the defendant as of that date. But at that time the cause of action stated therein was barred by the statute of limitations of the state. The fire occurred on October 22, 1921; the amendment was proposed on the 10th day of January, 1925. Under the Oklahoma statute such an action must be brought within two years. Since the proposed amendment stated a new cause of action that was barred by the statute of limitations, the trial court did not err in refusing to allow the amendment to be filed. Wheeler v. City of Muskogee, 51 Okl. 48, 151 P. 635; Union Pacific R. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983.

[4] Besides, under the circumstances as appear from the record, the refusal to permit the filing of the amendment was clearly with-

in the discretion of the court. Incorporated Town of Stonewall v. Stone, 207 F. 540, 125 C. C. A. 139; New Amsterdam Casualty Co. v. Iowa State Bank (C. C. A.) 1 F.(2d) 196.

Did the court err in dismissing the action on the pleadings? Section 5066 of the Compiled Oklahoma Statutes of 1921 provides that:

"All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

Plaintiff contends that the fire negligently started by defendant's servants, as charged in the first count of the third cause of action, was set out in violation of the Oklahoma prairie fire statute, in that a strip 20 feet wide was not plowed or burnt over around the land in which the fire was set, and in that 12 hours' notice of setting the fire was not given as required by this statute. Compiled Oklahoma Statutes 1921, § 3845.

The liability of railroads under this statute was before the Supreme Court of the Territory of Oklahoma in the case of Choctaw O. & G. R. Co. v. Alexander, 7 Okl. 579, 52 P. 944, on rehearing 7 Okl. 591, 54 P. 421. The court in that case decided that the only part of the statute relating to fires originating from operating a railroad was a clause of section 3851 which provides: "Any railroad company operating any line in this state shall be liable for all damages sustained by fire originating from operating its road."

The court said: "The act is composed of eight sections neither of which relates in any manner to railroads, with the exception of the last clause of the eighth section the total provision of which, so far as it would entitle the plaintiff to recover, is that: 'Any railroad company operating any line in this territory shall be liable for all damages sustained by fire originating from operating their road.'" This construction of the statute is a reasonable one.

Plaintiff contends that the release is void, because against public policy, in that the railroad company may not by contract secure immunity from liability for failure to discharge its obligations to the public as a common carrier, and among other cases citing Gulf, Colorado & Santa Fé Ry. Co. v. Anderson consolidated with Gulf, Colorado & Sante Fé Ry. Co. v. Abston, decided by the Supreme Court of Oklahoma April 6, 1926, 250 P. 500. The contract contains this provision: "Railway company may use said spur track in connection with any extensions of or tracks leading from the same hereafter constructed, for the purpose of reaching business and industries of others than shipper, and railway company may handle and transport the business of railway company and others, either upon or along said spur track, as well as any extensions thereof or tracks leading therefrom, provided such use of such spur track will not unreasonably interfere with the business of shipper."

It is argued that by this provision the spur track was a facility of the railroad for the use of the public, and not simply a private service track for the convenience of plaintiff. We do not think this provision of the contract anything more than precautionary in its purpose, and inserted by the railroad to take care of conditions which might possibly arise in the future. It is clear from the contract that it was the present intention of both parties that the spur track to be constructed was for the sole use and convenience of the plaintiff.

[5] A railroad company, in its private capacity as an owner of property, may by contract be released from liability for damages caused by its negligence. Sante Fé, P. & P. R. Co. v. Grant Brothers Construction Co., 228 U. S. 177, 33 S. Ct. 474, 57 L. Ed. 787; Baltimore & Ohio Southwestern Railway Co. v. Voigt, 176 U. S. 498, 20 S. Ct. 385, 44 L. Ed. 560; Hartford Fire Insurance Co. v. Chicago, M. & St. P. R. Co., 175 U. S. 91, 20 S. Ct. 33, 44 L. Ed. 84.

[6] It is also well settled that the Legislature of a state may make railroad companies absolutely liable for damages from fire originating from operating the road, such as has been done by the Legislature of the state of Oklahoma. St. Louis & San Francisco R. v. Mathews, 165 U. S. 1, 17 S. Ct. 243, 41 L. Ed. 611.

[7, 8] We have been cited to no authority which has passed upon the validity of a release from liability created by statute without negligence, but on principle we perceive no reason why a railroad company may not, when acting in its private capacity, relieve itself from an absolute liability imposed by statute as well as from liability resulting from negligence. The reasoning justifying the rule in the latter case is equally applicable to the former. In Hartford Fire Ins. Co. v. Chicago, M. & St. P. R. Co., supra, the Supreme Court said:

"A railroad corporation holds its station grounds, railroad tracks and right of way for the public use for which it is incorporated, yet as its private property, and to be occupied by

itself or by others, in the manner which it may consider best fitted to promote, or not to interfere with, the public use. It may, in its discretion, permit them to be occupied by others with structures convenient for the receiving and delivering of freight upon its railroad, so long as a free and safe passage is left for the carriage of freight and passengers. * * * And the public had no interest in the question which of the parties to the contract should be ultimately responsible for such damages to property placed on the land of the corporation by its consent only."

In Baltimore & Ohio Southwestern Railway Co. v. Voigt (supra) the Supreme Court said:

"The principles declared in those cases are salutary, and we have no disposition to depart from them. At the same time it must not be forgotten that the right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligation on the pretext of public policy, unless it clearly appear that they contravene public right or the public welfare. It was well said by Sir George Jessel, M. R., in Printing, etc., Co. v. Sampson, L. R. 19, Eq. 465: 'It must not be forgotten that you are not to extend arbitrarily those rules which say that a given contract is void as being against public policy, because if there is one thing which more than another public policy requires it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts, when entered into freely and voluntarily, shall be held sacred, and shall be enforced by courts of justice. Therefore you have this paramount public policy to consider—that you are not lightly to interfere with this freedom of contract.' "

[9] It will be observed that the release above set out provides that the railroad company shall not be liable for any loss or damage by reason of fire communicated to the buildings of plaintiff, or to their contents, or to the property of plaintiff or of others owned or stored along said spur track, or in cars thereon, by the locomotives, engines, trains or cars of the railroad company, or otherwise. It also appears that the railroad company shall not be liable for any damages arising from the death or injury to persons or arising from the loss or destruction of or damage to property caused by or resulting from the operation or maintenance of said spur track or the right of way of said railroad company.

By the last clause of the paragraph plaintiff agreed to protect, save harmless, and indemnify the railroad company from and against all loss and damages in the paragraph referred to, together with attorney's fees, costs, and expenses incident thereto. The railroad company claims that the first provision of the paragraph released it from liability for all loss or damage by reason of fire communicated by the locomotives, engines, trains, or cars of the railroad in use upon the main line tracks in its general business, as well as when being operated upon the spur track or upon the main line in connection with the spur track, and so far as the language of the provision is concerned, considered alone, the contention may not be questioned.

The railroad company also claims that by the second provision of the paragraph releasing it from liability for any loss or damage by reason of fire communicated "otherwise" than by the locomotives, engines, trains, or cars of the company it is released from liability no matter how the fire may be communicated. But it will be observed that the third provision releases the railroad from liability for damages arising from the death of or injury to persons or loss or destruction of or damage to property caused by or resulting in any manner from the operation or maintenance of the spur track. The release of the railroad company in this provision is limited to damages caused by or resulting from the operation or maintenance of the spur track, and the fourth provision releases the railroad company from any damages arising from death of or injury to persons or loss or destruction of or damage to property caused by or resulting in any manner from the operation or maintenance of the right of way of the railroad.

Properly speaking, a right of way is not operated, it is maintained, and this provision releases the railroad company from liability for damages caused by or resulting from the maintenance of the right of way of the railroad. But the right of way of the railroad is several hundred miles in length. Now it is certain that this provision of the contract does not refer to the right of way of the railroad company throughout its length from St. Louis to Houston, Tex. It would be absurd to say that by this provision the parties intended to release the railroad company from damages resulting from the maintenance of the right of way 100 miles or 10 miles or 1 mile away from the spur track. The right of way referred to in this provision was that part of the railroad right of way which is used in connection with the spur track.

Nor should the release in any of its provisions be given the broad meaning claimed for it by the railroad company. If a warehouse or an elevator is built upon a railroad right of way in close proximity to the main line, danger from fire communicated by sparks from locomotives or danger of damage resulting otherwise in the operation of the railroad are probable. In this case plaintiff's plant was not located upon the railroad right of way. It does not appear from the record that any hazard by fire affecting plaintiff's property resulting from the operation of the main line or the maintenance generally of the right of way of the railroad company existed at the time the agreement was entered into. The defendant does not plead in its answer that plaintiff's plant, by reason of its location, was in any danger from fire or other hazard resulting from the operation of the main line of the railroad company, and upon the record as it now stands there is no reason to suppose the parties intended to make provision for hazards which did not exist.

[10] The release must be considered and construed in the light of the situation of the parties at the time it was formulated. The parties were dealing with a proposed spur track and that portion of the right of way over which it was to be built and operated. It was against the hazards resulting from the operation of the spur track and the maintenance of the right of way used in connection with the spur track that the railroad company was protecting itself against by the release.

When so viewed, we think the provision with respect to damages resulting from fires communicated by locomotives, engines, trains, or cars, means locomotives, engines, trains or cars being operated upon or in some relation to or connection with the spur track. So, too, fires occasioned "otherwise" must bear some relation to the spur track as for instance, fires started by employés using or employed on or about the spur track. The first two provisions are of no broader application than the third and fourth provisions in which release from liability is expressly limited to the operation and maintenance of the spur track and the maintenance of the right of way used in connection with the spur track.

In the last cause of the paragraph containing the release the plaintiff agreed to protect, save harmless and indemnify the railroad company "from and against all loss and damages on this paragraph referred to and attorney's fees, costs, and expenses incident thereto." It is not reasonable to suppose that the parties understood or intended that the plaintiff should save harmless and indemnify the railroad company against any loss or damage except that which might result from the operation of the spur track and the maintenance of the right of way used in connection therewith.

[11] It is not alleged in any of the causes of action in the complaint where on the right of way the fire was set, and it is not clear from the complaint for what purpose the locomotive was being used or in what work the employés were engaged at the time the fire started or was set. The complaint was open to a motion to make more certain or to demurrer on the ground of uncertainty. Such motion or demurrer, rather than a motion for judgment on the pleadings, should have been filed by the defendant.

The case is reversed, and the court below directed to permit the defendant, if it so desires, to withdraw its answer and file the usual pleading, requiring the plaintiff to make its complaint more certain in respect to the matters upon which the decision of the case must turn.